# EXHIBIT B

**Claim Construction Chart**

| U.S. Patent No. 8,870,410 | | | |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| **Claim 10**<br>1) "substantially uniform" | No construction necessary.<br><br>If Court deems construction necessary, "does not create hot spots or dead spots" | Indefinite | |
| **Claim 12**<br>1) "substantially no illumination" | No construction necessary. | Indefinite | |
| **Claim 27**<br>1) "substantially uniform" | No construction necessary.<br><br>If Court deems construction necessary, "does not create hot spots or dead spots" | Indefinite | |
| **Claim 28**<br>1) "substantially no illumination" | No construction necessary. | Indefinite | |

# Claim Construction Chart

| U.S. Patent No. 8,870,413 | | | |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| **Claim 2**<br>1) "substantially no illumination" | No construction necessary. | Indefinite | |
| **Claim 16**<br>1) "minimal amount of illumination" /<br>"minimum illumination" | No construction necessary.<br><br>If Court deems construction necessary, "avoids light pollution" | Indefinite | |
| **Claim 17**<br>1) "substantially no illumination" | No construction necessary. | Indefinite | |

**Claim Construction Chart**

| U.S. Patent No. 9,212,803 ||||
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| **Claim 1**<br>1) "means for directing light" | No construction necessary; this term is not governed by 35 U.S.C. §112(6) | 35 U.S.C. § 112(6) function: directing light<br><br>35 U.S.C. § 112(6) structure: optical element, as shown in Figs. 8A–8J and described in col. 8, ll. 14–30. | |
| **Claim 3**<br>1) "optical element ... comprises ... a first element ... a second element ...and a third element"[1] | No construction necessary.<br><br>If Court deems construction necessary, only "optical element" in the identified phrases should be construed. Ultravision objects to the selective excising of terms from an overall quoted phrase. Despite multiple efforts to crystalize this issue, Ultravision still does not understand what claim language Defendants are asking the Court to construe because the phrases that they have identified contain ellipses making it unclear what claim language would be substituted with Defendants' proposed construction. It is confusing what precisely is being identified as needing construction in the context of the overall phrase. | "an assembly of lenses, distinct from a single reflecting prism" | |

---

[1] Defendants have directed Ultravision to authority indicating that the use of an ellipsis for identifying a claim term for construction is common and entirely appropriate. Ultravision has not articulated how Defendants' use of an ellipsis to identify particular claim terms is contrary to the common practice of district courts and the Federal Circuit.

# Claim Construction Chart

| U.S. Patent No. 9,212,803 ||||
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| | If Court deems construction necessary: "optical element" in '803:3, 12 and '642:16-17, 23-24 – "lens that comprises multiple elements"<br><br>"optical element" in '642:1 and '307:1, 15, 20, 25 – "lens that includes multiple portions" | | |
| **Claim 12**<br>1) "optical element ... comprises ... a first element ... a second element ...and a third element"[2] | No construction necessary.<br><br>If Court deems construction necessary, only "optical element" in the identified phrases should be construed. Ultravision objects to the selective excising of terms from an overall quoted phrase. Despite multiple efforts to crystalize this issue, Ultravision still does not understand what claim language Defendants are asking the Court to construe because the phrases that they have identified contain ellipses making it unclear what claim language would be substituted with Defendants' proposed construction. It is confusing what precisely is being identified as needing construction in the context | "an assembly of lenses, distinct from a single reflecting prism" | |

---

[2] Defendants have directed Ultravision to authority indicating that the use of an ellipsis for identifying a claim term for construction is common and entirely appropriate. Ultravision has not articulated how Defendants' use of an ellipsis to identify particular claim terms is contrary to the common practice of district courts and the Federal Circuit.

**Claim Construction Chart**

| | U.S. Patent No. 9,212,803 | | |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| | of the overall phrase.<br><br>If Court deems construction necessary: "optical element" in '803:3, 12 and '642:16-17, 23-24 – "lens that comprises multiple elements"<br><br>"optical element" in '642:1 and '307:1, 15, 20, 25 – "lens that includes multiple portions" | | |
| **Claim 16**<br>1) "uniformly illuminate"/"uniform illumination" | No construction necessary.<br><br>If Court deems construction necessary, "does not create hot spots or dead spots" | Indefinite | |

## Claim Construction Chart

| U.S. Patent No. 9,234,642 ||||
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| **Claim 1** <br> 1) "optical elements each including a first portion, a second portion and a third portion"[3] | No construction necessary. <br><br> If Court deems construction necessary, only "optical element" in the identified phrases should be construed. Ultravision objects to the selective excising of terms from an overall quoted phrase. Despite multiple efforts to crystalize this issue, Ultravision still does not understand what claim language Defendants are asking the Court to construe because the phrases that they have identified contain ellipses making it unclear what claim language would be substituted with Defendants' proposed construction. It is confusing what precisely is being identified as needing construction in the context of the overall phrase. <br><br> If Court deems construction necessary: "optical element" in '803:3, 12 and '642:16-17, 23-24 – "lens that comprises multiple elements" <br><br> "optical element" in '642:1 and '307:1, 15, 20, 25 – "lens that | "an assembly of lenses, distinct from a single reflecting prism" | |

---

[3] Defendants do not understand Ultravision's comment regarding ellipses since this claim phrase does not include ellipses.

# Claim Construction Chart

| U.S. Patent No. 9,234,642 | | | |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| | includes multiple portions" | | |
| **Claim 13** <br> 1) "uniformly illuminate"/"uniform illumination" | No construction necessary. <br><br> If Court deems construction necessary, "does not create hot spots or dead spots" | Indefinite | |
| **Claim 16** <br> 1) "optical element ... comprises ... a first element ... a second element ...and a third element"[4] | No construction necessary. <br><br> If Court deems construction necessary, only "optical element" in the identified phrases should be construed. Ultravision objects to the selective excising of terms from an overall quoted phrase. Despite multiple efforts to crystalize this issue, Ultravision still does not understand what claim language Defendants are asking the Court to construe because the phrases that they have identified contain ellipses making it unclear what claim language would be substituted with Defendants' proposed construction. It is confusing what precisely is being identified as needing construction in the context of the overall phrase. | "an assembly of lenses, distinct from a single reflecting prism" | |

---

[4] Defendants have directed Ultravision to authority indicating that the use of an ellipsis for identifying a claim term for construction is common and entirely appropriate. Ultravision has not articulated how Defendants' use of an ellipsis to identify particular claim terms is contrary to the common practice of district courts and the Federal Circuit.

# Claim Construction Chart

| U.S. Patent No. 9,234,642 ||||
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| | If Court deems construction necessary: "optical element" in '803:3, 12 and '642:16-17, 23-24 – "lens that comprises multiple elements" <br><br> "optical element" in '642:1 and '307:1, 15, 20, 25 – "lens that includes multiple portions" | | |
| **Claim 17** <br> 1) "optical element ... comprises ... a first element ... a second element ...and a third element"[5] | No construction necessary. <br><br> If Court deems construction necessary, only "optical element" in the identified phrases should be construed. Ultravision objects to the selective excising of terms from an overall quoted phrase. Despite multiple efforts to crystalize this issue, Ultravision still does not understand what claim language Defendants are asking the Court to construe because the phrases that they have identified contain ellipses making it unclear what claim language would be substituted with Defendants' proposed construction. It is confusing what precisely is being identified as needing construction in the context | "an assembly of lenses, distinct from a single reflecting prism" | |

---

[5] Defendants have directed Ultravision to authority indicating that the use of an ellipsis for identifying a claim term for construction is common and entirely appropriate. Ultravision has not articulated how Defendants' use of an ellipsis to identify particular claim terms is contrary to the common practice of district courts and the Federal Circuit.

**Claim Construction Chart**

| | U.S. Patent No. 9,234,642 | | |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| | of the overall phrase.<br><br>If Court deems construction necessary: "optical element" in '803:3, 12 and '642:16-17, 23-24 – "lens that comprises multiple elements"<br><br>"optical element" in '642:1 and '307:1, 15, 20, 25 – "lens that includes multiple portions" | | |
| **Claim 21**<br>1) "minimal amount of illumination" /<br>"minimum illumination" | No construction necessary.<br><br>If Court deems construction necessary, "avoids light pollution" | Indefinite | |
| **Claim 23**<br>1) "optical element ... comprises ... a first element ... a second element ...and a third element"[6] | No construction necessary.<br><br>If Court deems construction necessary, only "optical element" in the identified phrases should be construed. Ultravision objects to the selective excising of terms from an overall quoted phrase. Despite multiple efforts to crystalize this issue, Ultravision still does not understand what claim language Defendants are asking the Court to construe because the phrases that they have | "an assembly of lenses, distinct from a single reflecting prism" | |

---

[6] Defendants have directed Ultravision to authority indicating that the use of an ellipsis for identifying a claim term for construction is common and entirely appropriate. Ultravision has not articulated how Defendants' use of an ellipsis to identify particular claim terms is contrary to the common practice of district courts and the Federal Circuit.

# Claim Construction Chart

| | U.S. Patent No. 9,234,642 | | |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| | identified contain ellipses making it unclear what claim language would be substituted with Defendants' proposed construction. It is confusing what precisely is being identified as needing construction in the context of the overall phrase.<br><br>If Court deems construction necessary: "optical element" in '803:3, 12 and '642:16-17, 23-24 – "lens that comprises multiple elements"<br><br>"optical element" in '642:1 and '307:1, 15, 20, 25 – "lens that includes multiple portions" | | |
| **Claim 24**<br>1) "optical element ... comprises ... a first element ... a second element ...and a third element"[7] | No construction necessary.<br><br>If Court deems construction necessary, only "optical element" in the identified phrases should be construed. Ultravision objects to the selective excising of terms from an overall quoted phrase. Despite multiple efforts to crystalize this issue, Ultravision still does not understand what claim language Defendants are | "an assembly of lenses, distinct from a single reflecting prism" | |

---

[7] Defendants have directed Ultravision to authority indicating that the use of an ellipsis for identifying a claim term for construction is common and entirely appropriate. Ultravision has not articulated how Defendants' use of an ellipsis to identify particular claim terms is contrary to the common practice of district courts and the Federal Circuit.

## Claim Construction Chart

| | U.S. Patent No. 9,234,642 | | |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| | asking the Court to construe because the phrases that they have identified contain ellipses making it unclear what claim language would be substituted with Defendants' proposed construction. It is confusing what precisely is being identified as needing construction in the context of the overall phrase.<br><br>If Court deems construction necessary: "optical element" in '803:3, 12 and '642:16-17, 23-24 – "lens that comprises multiple elements"<br><br>"optical element" in '642:1 and '307:1, 15, 20, 25 – "lens that includes multiple portions" | | |

# Claim Construction Chart

|  | U.S. Patent No. 9,349,307 |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| **Claim 1**<br>1) "optical elements each including a first portion, a second portion and a third portion"[8] | No construction necessary.<br><br>If Court deems construction necessary, only "optical element" in the identified phrases should be construed. Ultravision objects to the selective excising of terms from an overall quoted phrase. Despite multiple efforts to crystalize this issue, Ultravision still does not understand what claim language Defendants are asking the Court to construe because the phrases that they have identified contain ellipses making it unclear what claim language would be substituted with Defendants' proposed construction. It is confusing what precisely is being identified as needing construction in the context of the overall phrase.<br><br>If Court deems construction necessary: "optical element" in '803:3, 12 and '642:16-17, 23-24 – "lens that comprises multiple elements"<br><br>"optical element" in '642:1 and '307:1, 15, 20, 25 – "lens that | "an assembly of lenses, distinct from a single reflecting prism" | |

---

[8] Defendants do not understand Ultravision's comment regarding ellipses since this claim phrase does not include ellipses.

**Claim Construction Chart**

| | U.S. Patent No. 9,349,307 | | |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| | includes multiple portions" | | |
| **Claim 12**<br>1) "uniformly illuminate"/"uniform illumination" | No construction necessary.<br><br>If Court deems construction necessary, "does not create hot spots or dead spots" | Indefinite | |
| **Claim 13**<br>1) "uniformly illuminate"/"uniform illumination" | No construction necessary.<br><br>If Court deems construction necessary, "does not create hot spots or dead spots" | Indefinite | |
| **Claim 15**<br>1) "optical elements ... each include a first portion, a second portion and a third portion"[9] | No construction necessary.<br><br>If Court deems construction necessary, only "optical element" in the identified phrases should be construed. Ultravision objects to the selective excising of terms from an overall quoted phrase. Despite multiple efforts to crystalize this issue, Ultravision still does not understand what claim language Defendants are asking the Court to construe because the phrases that they have identified contain ellipses making it unclear what claim language would be substituted with Defendants' | "an assembly of lenses, distinct from a single reflecting prism" | |

---

[9] Defendants have directed Ultravision to authority indicating that the use of an ellipsis for identifying a claim term for construction is common and entirely appropriate. Ultravision has not articulated how Defendants' use of an ellipsis to identify particular claim terms is contrary to the common practice of district courts and the Federal Circuit.

# Claim Construction Chart

| U.S. Patent No. 9,349,307 |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| | proposed construction. It is confusing what precisely is being identified as needing construction in the context of the overall phrase.<br><br>If Court deems construction necessary: "optical element" in '803:3, 12 and '642:16-17, 23-24 – "lens that comprises multiple elements"<br><br>"optical element" in '642:1 and '307:1, 15, 20, 25 – "lens that includes multiple portions" | | |
| **Claim 20**<br>1) "optical elements each including a first portion, a second portion and a third portion"[10] | No construction necessary.<br><br>If Court deems construction necessary, only "optical element" in the identified phrases should be construed. Ultravision objects to the selective excising of terms from an overall quoted phrase. Despite multiple efforts to crystalize this issue, Ultravision still does not understand what claim language Defendants are asking the Court to construe because the phrases that they have identified contain ellipses making it unclear what claim language would be | "an assembly of lenses, distinct from a single reflecting prism" | |

---

[10] Defendants do not understand Ultravision's comment regarding ellipses since this claim phrase does not include ellipses.

**Claim Construction Chart**

| | U.S. Patent No. 9,349,307 | | |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| | substituted with Defendants' proposed construction. It is confusing what precisely is being identified as needing construction in the context of the overall phrase. <br><br> If Court deems construction necessary: "optical element" in '803:3, 12 and '642:16-17, 23-24 – "lens that comprises multiple elements" <br><br> "optical element" in '642:1 and '307:1, 15, 20, 25 – "lens that includes multiple portions" | | |
| **Claim 22** <br> 1) "minimal amount of illumination" / "minimum illumination" | No construction necessary. <br><br> If Court deems construction necessary, "avoids light pollution" | Indefinite | |
| **Claim 25** <br> 1) "each optical element ... including a first portion, a second portion and a third portion"[11] | No construction necessary. <br><br> If Court deems construction necessary, only "optical element" in the identified phrases should be construed. Ultravision objects to the selective excising of terms from an overall quoted phrase. Despite multiple efforts to | "an assembly of lenses, distinct from a single reflecting prism" | |

---

[11] Defendants have directed Ultravision to authority indicating that the use of an ellipsis for identifying a claim term for construction is common and entirely appropriate. Ultravision has not articulated how Defendants' use of an ellipsis to identify particular claim terms is contrary to the common practice of district courts and the Federal Circuit.

# Claim Construction Chart

| **U.S. Patent No. 9,349,307** | | | |
|---|---|---|---|
| **Claim Language** | **Ultravision's Constructions** | **Defendants' Constructions** | **Court's Construction** |
| | crystalize this issue, Ultravision still does not understand what claim language Defendants are asking the Court to construe because the phrases that they have identified contain ellipses making it unclear what claim language would be substituted with Defendants' proposed construction. It is confusing what precisely is being identified as needing construction in the context of the overall phrase.<br><br>If Court deems construction necessary: "optical element" in '803:3, 12 and '642:16-17, 23-24 – "lens that comprises multiple elements"<br><br>"optical element" in '642:1 and '307:1, 15, 20, 25 – "lens that includes multiple portions" | | |
| **Claim 28**<br>1) "minimal amount of illumination" / "minimum illumination" | No construction necessary.<br><br>If Court deems construction necessary, "avoids light pollution" | Indefinite | |